UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET L. SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2216 (ESH) |
| | ) | |
| ELAINE L. CHAO, | ) | |
| Secretary, U.S. Department of Labor, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant Elaine L. Chao ("Defendant"), Secretary, United States Department of Labor ("Agency" or "Department") hereby answers the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Janet L. Schmidt ("Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent she asserts claims as to which she has failed to exhaust all administrative remedies.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, may be barred by principles of issue preclusion or claim preclusion.

### FOURTH DEFENSE

Although the Agency denies that Plaintiff was subject to any harassing behavior (as noted below), in the alternative, the Agency exercised reasonable care to prevent and correct promptly

any harassing behavior, and Plaintiff unreasonably failed to take advantage of the opportunities provided by the Agency and to otherwise avoid her alleged harm.

### FIFTH DEFENSE

The Agency made good faith efforts to accommodate the conditions that Plaintiff alleges are disabilities.

### SIXTH DEFENSE

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent Defendant refers to documents outside the Complaint for their accurate and complete contents, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited document: (a) is correctly cited or quoted by Plaintiff; (b) is relevant to this, or any other, action; or (c) is admissible in this, or any other, action. Defendant answers as follows:

### Preliminary Statement[1]

1.     In response to Paragraph 1, Defendant admits that Plaintiff is a Pension Law Specialist with the Department of Labor, Employee Benefits Security Administration, Office of Exemption Determinations. Defendant denies the remaining allegations set forth in Paragraph 1.

2.     The allegations set forth in Paragraph 2 are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. Moreover, Defendant specifically denies that the

---

[1]     Merely for reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

3. The allegations set forth in Paragraph 3 are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. Moreover, Defendant specifically denies that the Agency or any of its agents or employees took any unlawful or discriminatory actions against Plaintiff.

4. Paragraph 4 contains a prayer for relief and conclusions of law to which no response is required. To the extent a response is deemed required, the Defendant denies the allegations set forth in Paragraph 4. Further, Defendant specifically denies that Plaintiff is entitled to: (a) the relief sought or to any relief; or (b) attorney's fees and/or costs incurred in this action, any of her administrative EEO actions; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a, and any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B). Defendant also specifically denies that the Agency or any of its agents or employees took any unlawful or discriminatory actions against Plaintiff.

**Parties, Jurisdiction and Venue**

5. In response to Paragraph 5, Defendant admits that Janet L. Schmidt is a Pension Law Specialist with the Department of Labor, Employee Benefits Security Administration, Office of Exemption Determinations. Defendant also admits that Plaintiff has participated in certain EEO activity. Defendant is without sufficient information or knowledge to admit or deny the diseases, if any, of which Plaintiff suffers, and therefore, denies the same. The remaining allegations set forth in Paragraph 5, including the effects of Plaintiff's alleged diseases, are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such remaining allegations.

6.      In response to Paragraph 6, Defendant admits that Elaine Chao is the Secretary of Labor and the head of the Agency, and that the Employee Benefits Security Administration ("EBSA") is part of the Agency.  Defendant admits that Plaintiff is employed by the Agency in the EBSA.  Defendant also admits that Defendant is being sued in her official capacity only. Defendant denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

7.      The allegations contained in Paragraph 7 are conclusions of law to which no response is required, except that Defendant admits that venue is proper in this Court.  To the extent a response is deemed required, Defendant denies the allegations set forth in Paragraph 9, except as to venue.

## Statement of the Case

### The Agency's Denial of Reasonable Accommodation

8.      As to Paragraph 8, Defendant admits that Plaintiff has been employed as a Pension Law Specialist with EBSA since June 1995.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 8, and therefore, denies the same.

9.      As to the allegations set forth in the first sentence of Paragraph 9, Defendant is without sufficient information or knowledge to admit or deny such allegations, and therefore, denies the same.  In response to the second sentence of Paragraph 9, Defendant admits that in June 2001, Plaintiff requested an accommodation to work at home five days a week.  The remaining allegations set forth in the second sentence of Paragraph 9 are conclusions of law or characterizations of fact to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

10.    As to Paragraph 10, Defendant admits that in connection with her request for an accommodation, Plaintiff submitted letters from her gynecologist and a pain management specialist, and refers to such letters for their true and complete contents.  Defendant further admits that Plaintiff signed a medical release for her physicians to speak with a Public Health Service physician.  Defendant also admits that Dr. Neal Presant, from the Public Health Service, spoke with two of Plaintiff's physicians.  Lastly, Defendant admits that Plaintiff was asked to choose a doctor from a list provided by the Agency and submit to an examination from that doctor.  Defendant denies any remaining allegations set forth in Paragraph 10.

11.    As to Paragraph 11, Defendant admits that on March 12, 2002, Plaintiff's request for an accommodation to work at home five days a week was approved by her supervisor, Emmett "Fil" Williams.  Defendant admits that on or about May 16, 2002, Plaintiff's accommodation was amended to allow her to work in the evenings as necessary to complete a 40 hour work week.  Defendant avers that Plaintiff requested that her accommodation be amended to allow her to also work weekends to complete a 40 hour work week, and in response to Plaintiff's request, the Agency sent Plaintiff a memorandum dated December 2, 2002, requesting additional information to process such request.  Defendant denies any remaining allegations set forth in Paragraph 11.

12.    In response to Paragraph 12, Defendant admits that on or about February 17, 2004, Plaintiff's supervisor requested that Plaintiff provide current medical information to support her ongoing accommodation.  Defendant avers that on or about April 14, 2004, in response to the Agency's request, Plaintiff submitted a redacted letter from Dr. David Katzka, and refers to such letter for its true and complete contents.  Defendant denies any remaining allegations set forth in Paragraph 12.

13.     Defendant admits the allegations contained in Paragraph 13.

14.     As to Paragraph 14, Defendant admits that by memorandum, in May 2004, the Agency notified Plaintiff that the medical information she submitted was insufficient and requested additional information.  Defendant further admits that the May 2004 memorandum requested, among other things, information regarding the nature and description of the medical examination and laboratory tests performed by Plaintiff's doctor upon which his diagnosis relied, and refers to such memorandum for its true and complete contents.  Defendant denies any remaining allegations set forth in Paragraph 14.

15.     The first sentence of Paragraph 15 contains conclusions of law and characterizations of fact to which no response is required.  To the extent a response is deemed required, Defendant denies that the Agency disseminated any medical report of Plaintiff's without cause or in violation of the Privacy Act; and is without knowledge or information to admit or deny the remaining allegations set forth in the first sentence, and therefore, denies the same.  Defendant denies the allegations set forth in the second sentence of Paragraph 15, and avers that during the relevant time period, the Agency was constantly engaged in an interactive accommodation process with Plaintiff.

16.     As to Paragraph 16, Defendant admits that in June 2004, Eric Raps clarified for Plaintiff the terms of her accommodation, which included the ability to work from home five days a week and work on evenings during the week to complete a 40 hour work week; Plaintiff's accommodation did not include the ability to work weekends to complete a 40 hour work week. The remaining allegations set forth in Paragraph 16 are characterizations of fact and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations set forth in Paragraph 16.

17.    In response to Paragraph 17, Defendant admits that Plaintiff's counsel contacted the Agency regarding Plaintiff's accommodation, but denies that the Agency did not address Plaintiff's privacy concerns.  Defendant denies any remaining allegations set forth in Paragraph 17.

18.    As to Paragraph 18, Defendant admits that on or about August 2, 2004, an attorney in the Agency's Solicitor's office (the "Solicitor's Office") received a package from Plaintiff's attorney containing a cover letter and an un-redacted medical report.  Defendant admits that in the letter, Plaintiff's attorney, among other things, requested an extension of time to provide additional information requested by the Agency and requested that the information not be disclosed to Plaintiff's supervisor, Eric Raps, but refers to such letter for its true and complete contents.  Defendant denies any remaining allegations set forth in Paragraph 18.

19.    In response to Paragraph 19, Defendant admits that on or about August 3, 2004, Plaintiff's accommodation was temporarily discontinued due to Plaintiff's failure to submit requested documentation.  Defendant admits that, as such, Plaintiff was instructed to report to work at the Agency building.  Defendant avers that Plaintiff's accommodation was reinstated on September 21, 2004.  Defendant denies the remaining allegations set forth in Paragraph 19.

20.    As to Paragraph 20, Defendant admits that in August 2004, Plaintiff sent several packages to various attorneys in the Solicitor's Office.  Defendant avers that such packages were sealed and had Privacy Act warnings attached to them regarding opening and disseminating the information.  Defendant admits that at least one package was returned to Plaintiff unopened.  Defendant also admits that one package, which was eventually opened, contained a cover letter and certain medical documentation, and refers to such documents for their true and complete contents.  Defendant denies that the Agency failed to engage in an interactive accommodation

process in a timely fashion.  The remainder of paragraph 20 contains characterizations of fact and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations set forth in Paragraph 20.

21.     As to Paragraph 21, Defendant admits that on September 10, 2004, Plaintiff was in a leave without pay status due to Plaintiff's failure to respond to the Agency's requests for information.  Defendant admits that on September 14, 2004, Plaintiff was in an absent without leave status, but avers that such status was later changed to leave without pay.  Defendant denies any remaining allegations set forth in Paragraph 21.

22.     In response to Paragraph 22, Defendant admits that on or about September 21, 2004, one of the packages that Plaintiff sent to the Solicitor's Office was given to Eric Raps with Plaintiff's permission, and refers to the documents contained in such package for their true and complete contents.  Defendant admits that on or about September 21, 2004, Plaintiff's accommodation to work at home five days a week was reinstated pending review of the submitted medical documentation.  Defendant denies any remaining allegations set forth in Paragraph 22.

23.     As to Paragraph 23, the Defendant admits that on November 24, 2004, Dr. Neal Presant issued a report regarding Plaintiff and refers to such report for its complete and true contents.  Defendant admits that management officials from the Agency had a teleconference with Dr. Presant and that Plaintiff was not privy to the teleconference.  Defendant further admits that the Agency inadvertently delayed mailing the aforementioned report to Plaintiff.  Defendant denies any remaining allegations in Paragraph 23.

24.     As to Paragraph 24, Defendant admits that Agency officials spoke with Dr. Neal Presant regarding Plaintiff's medical condition and her request for an accommodation.

Defendant avers that Dr. Presant stated in substance that Plaintiff could possibly work between 10 and 15 hours per week from the Department of Labor building.  Defendant further admits that neither Plaintiff nor her doctor were included in such conversation with Dr. Presant.

25.    In response to Paragraph 25, Defendant admits that as of January 25, 2005, the terms of Plaintiff's accommodation were modified to require Plaintiff to report to work at the Department of Labor building for 15 hours per week, Monday through Friday between the hours of 6:00 a.m. and 8:00 p.m.  Defendant denies any remaining allegations set forth in Paragraph 25.

26.    As to Paragraph 26, Defendant admits that on January 26, 2005, Eric Raps received a letter from Plaintiff's physician, stating that Plaintiff should be allowed to work from home on a full-time basis, and refers to such letter for its true and complete contents.  Defendant further admits that by memorandum dated February 2, 2005, the Agency informed Plaintiff of the process to request reconsideration of the accommodation provided in the January 12, 2005, memorandum, and refers to such memoranda for their true and complete contents.

27.    In response to Paragraph 27, Defendant denies that the Agency denied the request from Plaintiff's physician for an accommodation without explanation.  Indeed, Defendant avers that in response to the letter from Plaintiff's physician noted in Paragraph 26, the Agency sent Plaintiff a memorandum dated February 2, 2005, whereby Plaintiff was informed of the process for seeking reconsideration of her accommodation, and refers to such memorandum for its true and complete contents.  Defendant also admits that Plaintiff was informed that if she chose not to report to work at the Department of Labor building for 15 hours per week, as required by her then existing accommodation, she could take leave for such hours until her leave was exhausted

and, thereafter, take leave without pay.  Defendant denies the remaining allegations set forth in Paragraph 27.

28.    As to Paragraph 28, Defendant admits that Plaintiff objected to having her medical information provided to her supervisor, Eric Raps.  Defendant avers that on or about February 23, 2005, the Agency sent Plaintiff a memorandum clarifying its request for medical information, and refers to such memorandum for its true and complete contents.  Defendant denies the remaining allegations set forth in Paragraph 28.

29.    In response to Paragraph 29, Defendant admits that on May 25, 2005, the Agency modified Plaintiff's previous accommodation.  Defendant further admits that on May 25, 2005, the Agency informed Plaintiff of the current terms of her accommodation.  Defendant also admits that as part of her accommodation she was required to notify her supervisor if she intended to work outside of the established Agency core hours.  Defendant denies that the Agency failed to provide the equipment necessary for Plaintiff to work from home, and avers that as of May 25, 2005, the Agency had already provided Plaintiff with such equipment, including a desktop computer, a printer/facsimile machine, and a government telephone line. Defendant denies the remaining allegations set forth in Paragraph 29.

### Other Discrimination and Retaliation by the Agency

30.    In response to Paragraph 30, Defendant denies the allegations set forth in the first sentence of such paragraph and, to the extent necessary, refers to its responses to Paragraphs 9 through 29.  As to the second sentence, Defendant admits that Plaintiff filed an informal complaint on or about May 2004 and subsequently filed a formal complaint and amendments. Defendant denies the remaining allegations set forth in Paragraph 30.

31.    As to Paragraph 31, Defendant admits that Plaintiff was given a rating of "effective" on her FY 2004 performance appraisal.  Defendant admits that Eric Raps was the

rating official and Ivan Strasfeld was the reviewing official on such performance appraisal. Defendant denies the remaining allegations set forth in Paragraph 31, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

32.     As to Paragraph 32, Defendant is at this time without knowledge or information sufficient to admit or deny the allegations set forth in the first sentence of such paragraph, and therefore, denies the same.  Defendant denies the remaining allegations set forth in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33, and avers that as a result of Plaintiff's "effective" rating on her FY 2004 performance appraisal, Plaintiff received a bonus of $450.00.

### Plaintiff's Protected Activities And
### Exhaustion of Administrative Remedies

34.     Paragraph 34 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 34.

35.     As to Paragraph 35, Defendant admits that Plaintiff has engaged in various EEO activities since 2000.  Defendant is without knowledge or information sufficient to admit or deny the allegation that Plaintiff provided evidence in support of a co-worker's union grievance against EBSA management beginning in 1998, and therefore, denies the same.

36.     In response to Paragraph 36, Defendant admits that on or about September 16, 2004, Plaintiff filed an informal administrative complaint with the Agency alleging reprisal, which contained various allegations regarding her accommodation.  Defendant denies the remaining allegations set forth in Paragraph 36

37.    As to Paragraph 37, the Defendant admits that Plaintiff filed an informal complaint on or about September 16, 2004, and refers to such complaint for its true and complete contents.  Defendant denies the remaining allegations set forth in Paragraph 37.

38.    Paragraph 38 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 38, and refers to Plaintiff's formal administrative complaint for its true and complete contents.

39.    In response to Paragraph 39, Defendant admits the allegations set forth in the first, second, third and fifth sentences of such paragraph.  The remaining allegations contained in Paragraph 39 are characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies such remaining allegations.

### Count I
### Failure to Reasonably Accommodate
### (Interference with the Interactive Accommodation Process)

40.    In response to Paragraph 40, Defendant incorporates by reference its responses to Paragraphs 1 through 39 set forth above.

41.    Paragraph 41 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 41.

42.    Paragraph 42 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 42.

43.    Paragraph 43 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 43.

44.    Paragraph 44 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 44.

45.    In response to Paragraph 45, Defendant admits that on March 12, 2002, Plaintiff's request for an accommodation to work at home five days a week was approved by her supervisor, Emmett "Fil" Williams.  Defendant further admits that on or about May 16, 2002, Plaintiff's accommodation was amended to allow her to work in the evenings.  Defendant avers that Plaintiff requested that her accommodation be amended to allow her to also work weekends, and in response, the Agency sent Plaintiff a memorandum dated December 2, 2002, requesting additional information in order to process her request to work weekends.  Defendant denies the remaining allegations set forth in Paragraph 45.

46.    Paragraph 46 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 46, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

47.    Paragraph 47 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 47.

**Count II**
**Failure to Reasonably Accommodate**
**(Revocation of Flexible Schedule in June 2004)**

48.     In response to Paragraph 48, Defendant incorporates by reference its responses to

Paragraphs 1 through 47 set forth above.

49.     Paragraph 49 contains characterizations of fact and conclusions of law to which

no response is required.  To the extent that a response is deemed required, Defendant denies the

allegations set forth in Paragraph 49.

50.     Paragraph 50 contains characterizations of fact and conclusions of law to which

no response is required.  To the extent that a response is deemed required, Defendant denies the

allegations set forth in Paragraph 50.

51.     Paragraph 51 contains characterizations of fact and conclusions of law to which

no response is required.  To the extent that a response is deemed required, Defendant denies the

allegations set forth in Paragraph 51.

52.     Paragraph 52 contains characterizations of fact and conclusions of law to which

no response is required.  To the extent that a response is deemed required, Defendant denies the

allegations set forth in Paragraph 52.

53.     In response to Paragraph 53, Defendant admits that on March 12, 2002, Plaintiff's

request for an accommodation to work at home five days a week was approved by her

supervisor, Emmett "Fil" Williams.  Defendant further admits that on or about May 16, 2002,

Plaintiff's accommodation was amended to allow her to work in the evenings.  Defendant avers

that Plaintiff requested that her accommodation be amended to allow her to also work weekends,

and in response, the Agency sent Plaintiff a memorandum dated December 2, 2002, requesting

additional information in order to process her request to work weekends.  Defendant denies the

remaining allegations set forth in Paragraph 53.

54.    Paragraph 54 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 54, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

55.    Paragraph 55 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 55.

**Count III**
**Failure to Reasonably Accommodate**
**(Revocation of Reasonable Accommodation and**
**Placement in Non-Pay Status in August 2004)**

56.    In response to Paragraph 56, Defendant incorporates by reference its responses to Paragraphs 1 through 55 set forth above.

57.    Paragraph 57 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 57.

58.    Paragraph 58 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 58.

59.    Paragraph 59 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 59.

60.    Paragraph 60 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 60.

61.     In response to Paragraph 61, Defendant admits that on March 12, 2002, Plaintiff's request for an accommodation to work at home five days a week was approved by her supervisor, Emmett "Fil" Williams.  Defendant further admits that on or about May 16, 2002, Plaintiff's accommodation was amended to allow her to work in the evenings.  Defendant avers that Plaintiff requested that her accommodation be amended to allow her to also work weekends, and in response, the Agency sent Plaintiff a memorandum dated December 2, 2002, requesting additional information in order to process her request to work weekends.  Defendant denies the remaining allegations set forth in Paragraph 61.

62.     Paragraph 62 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 62, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

63.     Paragraph 63 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 63.

**Count IV**
**Failure to Reasonably Accommodate**
**(Revocation of Reasonable Accommodation, Denial of Full Flexiplace**
**<u>Accommodation and Placement in Non-Pay Status 2005 Onward</u>)**

64.     In response to Paragraph 64, Defendant incorporates by reference its responses to Paragraphs 1 through 63 set forth above.

65.     Paragraph 65 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 65.

66.     Paragraph 66 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 66.

67.     Paragraph 67 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 67.

68.     Paragraph 68 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 68.

69.     In response to Paragraph 69, Defendant admits that on March 12, 2002, Plaintiff's request for an accommodation to work at home five days a week was approved by her supervisor, Emmett "Fil" Williams.  Defendant further admits that on or about May 16, 2002, Plaintiff's accommodation was amended to allow her to work in the evenings.  Defendant avers that Plaintiff requested that her accommodation be amended to allow her to also work weekends, and in response, the Agency sent Plaintiff a memorandum dated December 2, 2002, requesting additional information in order to process her request to work weekends.  Defendant denies the remaining allegations set forth in Paragraph 69.

70.     Paragraph 70 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 70, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

71.     Paragraph 71 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 71.

**Count V**
**Retaliation – Rehabilitation Act**

72.     In response to Paragraph 72, Defendant incorporates by reference its responses to Paragraphs 1 through 71 set forth above.

73.     Paragraph 73 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 73.

74.     Paragraph 74 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 74.

75.     Paragraph 75 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 75.

76.     Paragraph 76 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 76.

77.     Paragraph 77 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 77.

78.     Paragraph 78 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the

allegations set forth in Paragraph 78, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

79.    Paragraph 79 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 79.

## Count VI
## <u>Retaliation – Title VII</u>

80.    In response to Paragraph 80, Defendant incorporates by reference its responses to Paragraphs 1 through 79 set forth above.

81.    Paragraph 81 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 81.

82.    Paragraph 82 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 82, and specifically denies that the Agency or any of its agents or employees took any unlawful, discriminatory or retaliatory actions against Plaintiff.

83.    Paragraph 83 contains characterizations of fact and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 83.

## <u>PRAYER FOR RELIEF</u>

A.    Paragraphs A. through H. contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations set forth in Paragraphs A. through H., and specifically denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to

and limited by 42 U.S.C. § 1981a. Any relief is further limited by 42 U.S.C. § 2000e-5(g)(2)(B). Defendant also specifically denies all allegations of past, present, and future discrimination on any basis.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant its fees, costs, and other expenses, and such other and further relief as the Court deems appropriate.

Dated: March 10, 2008
      Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

OF COUNSEL:
Gwen Anderson
Office of the Solicitor,
U.S. Department of Labor

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*