UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET L. SCHMIDT,                )<br>                                                      )<br>            Plaintiff,                      )<br>                                                      )    Civ. Action No.:  07-2216 (ESH)<br>      v.                                          )<br>                                                      )<br>ELAINE L. CHAO,                    )<br>  Secretary of Labor                )<br>  U.S. Department of Labor    )<br>                                                      )<br>            Defendant.                  )<br>_____)   | |

**JOINT LOCAL RULE 16.3 REPORT**

The parties to the above action respectfully submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3.

1.)    Statement of the Case:

A.    Plaintiff:  Plaintiff, Janet L. Schmidt, is an attorney serving as a Pension Law Specialist with the Department of Labor ("DOL"), Employee Benefits Security Administration ("EBSA"), a position she has occupied since approximately June of 1996.  This action seeks redress for defendant's violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.  Specifically, defendant improperly required plaintiff to produce extensive, highly personal medical information about her disability (permanent and severe adhesive disease of the small and large intestines) to her first-level supervisor in order to continue receiving a previously-approved reasonable accommodation and as a condition of engaging in the interactive accommodation process; forced plaintiff into a non-pay status; periodically revoked plaintiff's accommodation;

and repeatedly shifted and ultimately limited and conditioned plaintiff's accommodation in such a way that prevents her from earning her full salary.

      B.      Defendant:    Defendant generally denies Plaintiff's allegations, and maintains that the actions taken by the Department of Labor ("Agency") and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.  Indeed, Defendant believes that the Agency reasonably accommodated Plaintiff, and any delay in accommodating Plaintiff was due to Plaintiff's own failure to engage in an interactive process.  Moreover, Defendant specifically denies that it or any of its agents or employees retaliated against Plaintiff.

      1.)      <u>Resolution By Dispositive Motion</u>:  Plaintiff takes the position that this case cannot be resolved on a motion to dismiss.  Defendant does not currently intend to file a motion to dismiss, but believes that this action can be resolved by dispositive motion at the conclusion of discovery.

      2.)      <u>Amendment of Pleadings</u>:  Plaintiff anticipates that an amendment to her Complaint may be necessary, but it should not affect discovery or any of the proceedings in this case.  Defendant does not presently anticipate amending its pleadings.

      3.)      <u>Assignment to a Magistrate Judge</u>:  Plaintiff and Defendant consent to the assignment of this case to a Magistrate Judge for discovery disputes and ADR.  Defendant does not consent to the assignment of this case to a Magistrate Judge for any other purpose.  If Defendant's position changes, Plaintiff will be prepared to consider such an assignment.

      4.)      <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable.  Defendant stands willing to consider any good faith, reasonable settlement offers and is generally amenable to discuss settlement of this action with Plaintiff.

5.) <u>ADR</u>:  Plaintiff believes that ADR could bring about a resolution of this case and is prepared to engage in ADR at any time defendant is amenable.  Defendant stands willing to engage in ADR and consider any good faith, reasonable settlement offers.

6.) <u>Resolution on Summary Judgment</u>:  Plaintiff takes the position that this case can not be decided on summary judgment.  Defendant believes that this case can be resolved on summary judgment.  The parties propose that any motion for summary judgment shall be filed within 45 days after the close of discovery; that the responding party shall have 45 days to file an Opposition; and that 30 days shall be allowed for any Reply.

7.) <u>Initial Disclosures</u>:  The parties agree to exchange the initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court within 45 days of the Court's issuance of a Scheduling Order after the upcoming Scheduling Conference.

8.) <u>Extent of Discovery</u>:  Plaintiff and defendant agree that discovery should run for five (5) months, commencing 30 days after the parties make initial disclosures.  Plaintiff and defendant propose that discovery be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.

9.) <u>Expert Witnesses</u>:  The parties are at this time unsure of whether experts will be required in this action.  If the parties deem it necessary to designate experts in this action, the parties will submit a proposed schedule for discovery and disclosure of such experts in the future.

10.) <u>Class Action Issues</u>:  Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>:  The parties do not anticipate a need to bifurcate this matter.

12.) <u>Date for Pretrial Conference</u>: The parties agree that a status conference should be scheduled after the close of discovery. At that conference, the parties will report whether they wish to proceed to ADR and/or begin summary judgment briefing.

13.) <u>Trial Date</u>: The parties take the position that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

14.) <u>Other Matters</u>: Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality of, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d <u>et.</u> <u>seq.</u>; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15.) <u>Electronic Discovery</u>: The parties agree that this case is unlikely to involve a substantial amount of discovery of electronically stored information.

16.) <u>Clawback Agreement</u>: The parties believe that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial to the parties and will work with each other to include such an agreement in the aforementioned stipulated protective order.

Respectfully submitted,

| | |
|---|---|
| /s/ | |
| ROBERT C. SELDON, ESQ. | JEFFREY A. TAYLOR |
| D.C. Bar No. 245100 | D.C. Bar No. 498610 |
| | United States Attorney |
| /s/ | |
| MOLLY E. BUIE, ESQ. | |
| D.C. Bar No. 483767 | RUDOLPH CONTRERAS |
| Robert C. Seldon & Associates, P.C. | D.C. Bar No. 434122 |
| 1319 F Street, N.W., Suite 200 | Assistant United States Attorney |
| Washington, D.C. 20004 | |
| (202) 393-8200 | /s/ |
| | BRIAN P. HUDAK |
| *Attorneys for Plaintiff* | Assistant United States Attorney |
| | 555 4th Street, NW |
| | Washington, DC 20530 |
| | (202) 514-7143 |
| | |
| | *Attorneys for Defendant* |

April 10, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET L. SCHMIDT, )<br>)<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>　v. )<br>　　　　　　　　　　　　　　　　　)<br>ELAINE L. CHAO, )<br>　Secretary of Labor )<br>　U.S. Department of Labor )<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendant. )<br>_____) | Civ. Action No.:  07-2216 (ESH) |

## SCHEDULING ORDER

The Court, having received and reviewed the parties' Joint Report to the Court, filed pursuant to Local Civil Rule 16.3, hereby orders as follows:

1.) The parties shall make initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) within 45 days of the entry of this Order.

2.) Discovery shall commence 30 days after the parties make initial disclosures, and continue for a period of five months from that date.

3.) Plaintiff and defendant shall conduct discovery according to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure; however, the parties may jointly agree to exceed the foregoing limits without the need to seek permission from the Court.

4.) If the parties deem it necessary to designate experts in this action, the parties shall, at that time, submit a proposed schedule for discovery and disclosure of such experts.

5.) Motions for summary judgment, if any, shall be filed within 45 days after the close of discovery; the responding party shall have 45 days to file an Opposition; and 30 days shall be allowed for any Reply.

2

SIGNED:

Date: _____            _____
                                   UNITED STATES DISTRICT JUDGE