UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANET L. SCHMIDT,

Plaintiff,

v.

HILDA L. SOLIS, Secretary,
U.S. Dept. of Labor,

Defendant.

Civil Action No. 07-2216 (JMF)

## MEMORANDUM OPINION

I have this case, on the consent of both parties, for all purposes, including trial. Pending before me and ready for resolution is Plaintiff's Motion for an Award of Fees for Expert Witness Deposition Preparation (Pltf's Mot.) [#27].

## I. BACKGROUND

The instant discovery dispute concerns fees associated with preparation work undertaken by plaintiff's expert witness, Dr. Raford, for a deposition held by defendant. Plaintiff claims entitlement to the fees under Federal Rule of Civil Procedure 26(b)(4)(C)(i), which provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)." Fed. R. Civ. P. 26(b)(4)(C)(i). Defendant, relying on United States ex rel. Fago v. M&T Mortg. Corp., 283 F.R.D. 3 (D.D.C. 2006) (Facciola, J.), counters that Dr. Raford's deposition was not sufficiently complex, nor was the lapse of time between the preparation of his final report and his deposition sufficiently lengthy, to justify an award of fees. See Opposition to

Plaintiff's Motion for an Award of Fees for Expert Witness Deposition Preparation ("Opp.") at 7 (citing Fago, 283 F.R.D. at 15).

In the Fago case, I attempted to find a middle ground for the fee provision in Fed. R. Civ. P. 26(b)(4)(C)(i) to deal with the ambiguities raised in preparing for deposition, where it may be unclear whether an expert is "responding to discovery" or engaging in trial preparation, the latter of which should not be charged to the deposing party. Fago, 283 F.R.D. at 15. As I will discuss below, after careful consideration, I have come to the conclusion that my prior position was misguided. Instead, I believe that reasonable fees for the time spent by an expert for a deposition should always be paid by the party taking the deposition.

## II. DISCUSSION

One of the reasons for requiring experts to submit reports under Fed. R. Civ. P. 26(a)(2)(B) is to eliminate the need to take a useless deposition in which the expert simply repeats what he had said in his report. The Advisory Committee Notes to the 1993 amendments to the Federal Rules indicate that the rule was amended to force the party taking the deposition to pay the expert's fee in the hopes of eliminating such depositions because the expert will have produced a report that clearly indicates the opinions the expert holds and will testify about at trial. The 1993 Notes stated:

> [P]aragraph (4)(A) is revised to provide that experts who are expected to be witnesses will be subject to deposition prior to trial, conforming the norm stated in the rule to the actual practice followed in most courts, in which depositions of experts have become standard. Concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition. The requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions. Accordingly, the deposition of

2

an expert required by subdivision (a)(2)(B) to provide a written report may be taken only after the report has been served.

Fed. R. Civ. P. 26, Notes to 1993 Amendments. See also 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2034 (3d ed. 2010), *available at* Westlaw FPP ("If, as was hoped, these disclosures serve to avoid the need for some experts' depositions, or at least to shorten the depositions, that may mean that there will be fewer occasions for payment of expert fees pursuant to Rule 26(b)(4)(C).") Cf. Walker v. Chicago, 526 F. Supp. 2d 899, 900 (N. D. Ill. 2007) (Shadur, J.) ("This Court frequently reminds counsel in cases before it that an important consequence of the Rule 26(a)(2)(B) and (C) requirement of a comprehensive report from every opinion witness who is expected to testify is that the witness' trial testimony is circumscribed by that report.").

Nevertheless, the Federal Rules of Civil Procedure expressly authorize taking depositions of expert witnesses (Fed. R. Civ. P 26 (b)(4)(A)), and they are still being taken. Consistent with the purpose of reducing the number of such depositions, however, the party seeking discovery from the other party's expert must pay the expert a reasonable fee for "time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i).

It is the universal practice of the bar in this jurisdiction to tender the expert witness's fee for attending the deposition that party has noticed. A closer question is presented when one party demands that the party taking the deposition also pay for the time spent by the expert preparing for the deposition, usually by reviewing her report and consulting with the counsel who retained her.

Any lawyer worthy of the name is going to prepare the witness for the deposition by reviewing the report with the expert, and making sure that the expert can articulate the

conclusion and methodology of the report clearly and effectively. If counsel knows what she is doing, she will anticipate potential weaknesses that opposing counsel can exploit, and make sure the expert is ready for them.

As I noted above, in my decision in Fago, I attempted to find a middle ground by focusing on factors such as the time between the submission of the report and the deposition and the report's complexity. Fago, 238 F.R.D. at 15. I have now concluded, however, that my approach was misguided, insofar as it focused on the reason for the preparation by the expert, so that the complexity of her work or the amount of time between the completion of the report and the deposition (and the consequent need for the expert to review it) were factors. Whatever the wisdom of that approach, I now appreciate what my experience should have taught me sooner: that no lawyer will fail to prepare an expert witness for a deposition and to have that expert witness prepare for the deposition, no matter how simple or complex the report, or how much time since its completion. To my mind, that a lawyer will prepare the expert and consume some of her time is such a certainty that it should always be considered as a form of "responding to discovery" under the pertinent rule, and should always be paid by the party who is taking the deposition, whatever her motive, intent or purpose. This also advances the rule's purpose of discouraging needless deposition of experts.

Prevention of unfairness, on the other hand, can be left to ascertaining the reasonableness of what is being charged, and it would be in that context that factors such as the complexity of the report and the time spent since completing it would be considered. See Borel v. Chevron U.S.A. Inc., 265 F.R.D. 275, 278 (E.D. La. 2010) ("[A]s long as such fees are reasonable . . . an expert may be compensated for time spent

preparing for a deposition."); cf. Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 08-cv-0721, 2010 U.S. Dist. LEXIS 82543 at *18 (D.D.C. Aug. 5, 2010) (noting that the party seeking reimbursement for an expert witness fee bears the burden of establishing reasonableness).

### III. FEES

As just noted, there are a number of factors to be considered in determining whether a requested expert witness fee is reasonable. In this particular case, there is not a dispute about the amount of the hourly fee charged by the expert, but about the actual preparation time that should be charged to the defendant.

#### A. The amount of time expended on preparation

The first invoice sent to defendant's counsel was sent directly by Dr. Raford, dated February 18th; he did not include any charges for preparation. Opp. at 5. Defendant's counsel objected to particular charges, and the parties went back and forth over individual items and charges. Id. at 6. Defendant's counsel notes that plaintiff's counsel never mentioned preparation fees during these negotiations. Id. When the final invoice was sent, dated April 24th, there was a charge for two (2) hours of preparation time on Wednesday, February 10th, and four (4) hours of preparation time on Friday, February 12th. Id. Plaintiff reduced the charge for preparation time on February 12th to two (2) hours, after confirming with Dr. Raford that two of the hours he listed as preparation time that day were spent with plaintiff's counsel. Id. Even though time spent with plaintiff's counsel preparing would be compensable under this decision, the parties agreed that defendant would not be responsible for that charge. Id. at Exh. O. The final claimed charge is therefore for four (4) hours of preparation time total. Id. at 6.

The first point of contention concerns how much time Dr. Raford spent with plaintiff's counsel on February 12th–that is, by how much the original six hours should be reduced. Defendant's counsel claims that, if nothing else, it should be reduced by two and a half hours, rather than two, as Dr. Raford stated that he spent two and a half hours preparing with counsel on February 12th. Id. Both plaintiff's and defendant's counsel are correct, to a point.

Sealed Exhibits (filed by plaintiff) [#29], Raford transcript at 14.

There is also debate, however, as to whether Dr. Raford spent any time at all preparing for the deposition outside of the time he spent with counsel the day before. As noted above, Dr. Raford did not include preparation time on his initial invoice. Furthermore,

Sealed Exhibits, Raford transcript at 19.

Defendant points to Dr. Raford's statement in this exchange in claiming that, because plaintiff does not seek payment for the time Dr. Raford spent with plaintiff's counsel, there is no compensable preparation time. Opp. at 5. Plaintiff asserts that this exchange was taken out of context; that, in fact, it was part of a line of questioning aimed

at eliciting the degree to which plaintiff's counsel influenced Dr. Raford's opinions, as opposed to how much time Dr. Raford spent preparing. Reply at 9.

Rather than construe an ambiguous record, I will cut to the quick and ask Dr. Radford to tell me whether he spent any time preparing for the deposition other than the time he spent with counsel. Plaintiff's counsel will therefore transmit to him the following interrogatories with the understanding that the doctor will be answering the questions under pain of perjury:

1. How much time did you spend on Wednesday February 10, 2010 preparing for your deposition?

2. How much time did you spend on Friday, February 12, 2010 preparing for your deposition?

3. How much time of the time you spent on Friday, February 12, 2010 preparing for the deposition was spent with plaintiff's counsel?

4. How much time do you claim you spent totally on February 10, 2010 and February 12, 2010 other than the time you spent with plaintiff's counsel?

Once I receive answers to these interrogatories I will resolve what (if any) fee I will allow. First, however, I must dispose of the argument that the parties' counsel had an agreement that the defendant would not be charged preparation time.

### B. Whether the parties had an agreement concerning payment of expert fees for preparation time

Defendant asserts that dates and the fee schedule were discussed by the parties in January 2010, but that preparation time was never discussed. Opp. at 4. The exhibits that defendant cites in support of the claim that there was an "understanding" that she would not be responsible for deposition preparation time, however, show no such thing. In the first, an e-mail from defendant's counsel dated January 28, 2010, defendant's counsel asks plaintiff's counsel about Dr. Raford's fee for his actual deposition time, as opposed

to "the rate he charges for prep time and other expert activities," along with asking specific questions about the rate charged for travel time. Opp., Exh. H. Plaintiff's counsel responds in an e-mail dated January 29, 2010, confirming his deposition time fee and explaining how the travel time fees would be charged. Opp., Exh. I. Defendant characterizes plaintiff's counsel's e-mail as "memorializing" a "detailed understanding of the services for which the government would pay." Opp. at 4. Plaintiff cites Dr. Raford's fee schedule, included with his original final report in September 2009, which lists his rate for "Phone Conferences, Testimony Prep Time," asserting that it should be no surprise that Dr. Raford would charge for that time. Reply at 8.

Sealed Exhibits at 1.

It does not appear that there was a understanding that preparation time fees would not be charged, and plaintiff may therefore seek them.

A separate Order accompanies this Memorandum Opinion.

/s/ John M. Facciola
Digitally signed by John M. Facciola
DN: c=US, st=DC, ou=District of Columbia, email=John_M._Facciola@dcd.uscourts.gov, o=U.S. District Court, District of Columbia, cn=John M. Facciola
Date: 2010.11.16 12:20:50 -05'00'

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE